**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

FRANK LEE, JR.,                    :
AIS 154448,
                                   :
        Petitioner,
                                   :

vs.                                         CA 13-0543-KD-C
                                   :
CYNTHIA STEWART,
                                   :
        Respondent.

## REPORT AND RECOMMENDATION

Frank Lee, Jr., a state prisoner presently in the custody of the respondent, has

petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  (Doc.

1.) This matter has been referred to the undersigned for the entry of a report and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is

recommended that the instant petition be dismissed as time barred under the Anti-

Terrorism and Effective Death Penalty Act's one-year limitations provision contained in

28 U.S.C. § 2244(d).[1]

## FINDINGS OF FACT

Based on the allegations gleaned from the petition for writ of  habeas corpus filed

November 3, 2013 (Doc. 1, at 13), Lee was convicted of attempted rape in the first-

degree and first-degree burglary in the Circuit Court of Mobile County, Alabama on

June 1, 1989; he was sentenced to a twenty-five (25) year term of imprisonment on June

28, 1989. (*See* Doc. 1, at 15.) Lee's convictions and sentence were affirmed on appeal, by

---

[1]        In light of the contents of this report and recommendation, the undersigned finds
petitioner's motion for leave to proceed without prepayment of fees (Doc. 2) **MOOT**.

written opinion issued on February 2, 1990; his application for rehearing was denied on March 16, 1990 and the Alabama Supreme Court denied his petition for writ of certiorari on May 18, 1990. *See Lee v. State*, 563 So.2d 25 (Ala.Crim.App. 1990).

Petitioner reports in his complaint that he has collaterally attacked his convictions and sentence in the state courts of Alabama on three occasions: first in 1995, next in 1999, and, most recently, in 2012. (*See* Doc. 1, at 4-5.) Although Lee suggests to this Court that the collateral petitions he filed in 1995 and 1999 were quickly abandoned because they raised "invalid grounds" (*see id.*), the undersigned's review reveals that Lee fully litigated the dismissal or denial of his 1999 collateral petition in Alabama's appellate courts. Indeed, the trial court's dismissal (or denial) of Lee's 1999 collateral petition was affirmed by the Alabama Court of Criminal Appeals on June 18, 1999, *Lee v. State*, 768 So.2d 1032 (Ala.Crim.App. 1999) (table); petitioner's application for rehearing was denied on July 16, 1999, *Lee v. State*, 778 So.2d 875 (Ala.Crim.App. 1999) (table) and his petition for writ of certiorari was denied on November 12, 1999, *Ex parte Lee*, 780 So.2d 815 (Ala. 1999) (table). Finally, Lee contends that he filed his third and most recent collateral petition in the Mobile County Circuit Court on June 12, 2012 and that the trial court summarily denied the petition on October 31, 2012. (Doc. 1, at 4.) Lee gives no indication in his pleading filed in this Court that he appealed the summary dismissal of his 2012 Rule 32 petition (*see id.*), and this Court can find no evidence that he pursued such appeal.[2]

---

[2] What the undersigned has found, however, are several additional references to appeals made by Lee and affirmances by the Alabama Court of Criminal Appeals. *Compare Lee v. State*, 21 So.3d 799 (Ala.Crim.App. Mar. 21, 2008) (table) *with Lee v. State*, 114 So.3d 169 (Ala.Crim.App. Aug. 12, 2011) (table). Obviously, therefore, Lee either appealed two other denials of Rule 32 petitions or, otherwise, the foregoing appeals are related to other criminal convictions.

Lee filed the instant petition in this Court on November 3, 2013 (Doc. 1, at 13 (petitioner's indication that he executed the petition and delivered same to custodial authorities for mailing on November 3, 2013)), and from that document the undersigned discerns that petitioner raises the following claims which he contends entitle him to relief: (1) his conviction and sentence for attempted rape is illegal and not authorized by law since the indictment for first-degree rape did not authorize the court to charge the jury and sentence him, upon conviction, for attempted rape in the first degree; (2) his trial attorney and appellate attorney were deficient; and (3) the trial court denied him due process and equal protection of the laws by failing to fully adjudicate the merits of the claims he raised in his 2012 Rule 32 petition. (*See id.* at 15-18.)

## CONCLUSIONS OF LAW

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners

must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Lee's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his attempted rape in the first degree and first-degree burglary convictions became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is applicable in

this case since Lee's convictions became final on or about August 16, 1990, that is, ninety days after the Alabama Supreme Court denied petitioner's (direct appeal) petition for writ of certiorari. *See, e.g., Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) (AEDPA's one-year statute of limitations "allows a prisoner the time to seek direct review in the Supreme Court of the United States."); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) ("Appellant was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 17, 1997."); *Jackson, supra*, 292 F.3d at 1348-1349 & 1349 ("While we have not directly dealt with the issue in the context of a section 2254 petition, we indicated in dicta that, under the AEDPA, a state prisoner may have the benefit of the 90-day window before his conviction is considered final. . . . In the instant case, the Fourth District Court of Appeals of Florida [] affirmed Jackson's conviction on October 17, 1997. Giving Jackson the extra 90 days in which he could have filed for certiorari to the Supreme Court, Jackson's conviction became final at the latest on January 15, 1998."). Accordingly, Lee's limitations period commenced on April 24, 1996 and expired on April 23, 1997, *see Guenther, supra*, 173 F.3d at 1331, more than sixteen (16) years before he filed the instant § 2254 application.

Petitioner is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"), because—by his own admission (*see* Doc. 1, at 4-5)—he did not "properly" file any state collateral attacks on his convictions and sentence during the relevant limitations period, *see Pace v. DiGuglielmo,* 544 U.S. 408, 413, 125 S.Ct. 1807, 1811-1812, 161 L.Ed.2d 669 (2005) ("As in *Artuz,* we are guided by the 'common usage' and 'commo[n] underst[anding]' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exceptions. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).[3] Accordingly, the only avenue by which this Court can consider the merits of petitioner's § 2254 petition is by finding that he is entitled to

---

[3]     In other words, all collateral petitions filed by Lee were untimely and did not toll his one-year limitations period—April 24, 1996 to April 23, 1997—either because the petitions were filed too early (the 1995 Rule 32 petition) or too late (the 1999 and 2012 Rule 32 petitions).

equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his factual innocence.

In *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at ____, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at ___, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in

investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[,]" *id.* at ___, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.

> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at ___, 130 S.Ct. at 2564. It is also clear that a federal court can consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."),

*cert. denied sub nom. San Martin v. Tucker,* ____ U.S. ____, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011).

Lee makes no argument that he is entitled to equitable tolling of the one-year limitations period, and since "there is nothing in the record to support its application[,]" *Stevens v. United States,* 2013 WL 3458152, *2 n.2 (N.D. Miss. Jul. 9, 2013), the undersigned concentrates on a consideration of petitioner's "actual innocence" argument. The undersigned appreciates Lee to be contending that the one-year limitations period is inapplicable to his case since he is actually innocent of the "indicted" charge of first-degree rape and the trial court improperly charged the jury on attempted rape in the first degree and illegally sentenced him on that charge following his conviction. (*See* Doc. 1, at 12.)

Recently, the Supreme Court, in *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id.* (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.,* quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Here, Lee does not rely upon any of the examples of "new evidence" set forth in *Schlup,* 513 U.S. at 324, 115 S.Ct. at 865 ("exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence") and, therefore, his argument cannot get off the ground. Instead, he wants this Court to find that the trial court erred in instructing the jury on attempted rape in the first-degree because

"attempt" was not specifically referenced in the indictment, even though he admits that this offense is a lesser-included offense of the indicted charge of first-degree rape. (*See* Doc. 1, at 15 ("Trial court committed reversal (sic) 'error' by instructing the jury upon considering attempted rape based upon the indictment that <u>did not</u> aver any substance conferring the court authorization. Even though by law it is considered a lesser included offense of the consummated act (offense of rape), <u>it was not</u> averred by substance to <u>authorize</u> by law the trial court to impose adjudication and sentence of the attempted rape.").) However, petitioner's argument in this regard bears him no fruit.

> Under Rule 13.2(c), A.R.Crim.P., "[s]pecification of an offense in an indictment or information shall constitute a charge of that offense *and of all lesser offenses necessarily included therein.*" (Emphasis added.) By statute, an attempt may be a lesser included offense of the charged offense. Ala.Code § 13A-1-9(a)(2). Consequently, "there is no requirement that an indictment specify that a defendant *attempted* to commit a particular substantive offense for that defendant to be convicted of attempting to commit the offense." . . . "The concept of a lesser included offense does not involve either an amendment of the indictment or a variance between the pleading and the proof."

*Wesson v. State,* 644 So.2d 1302, 1306 (Ala.Crim.App. 1994) (emphasis in original); *cf. United States v. Resendiz-Ponce,* 549 U.S. 102, 110 n.7, 127 S.Ct. 782, 789 n.7, 166 L.Ed.2d 591 (2007) ("Federal Rule of Criminal Procedure 31(c) . . . provides that a defendant may be found guilty of 'an attempt to commit the offense charged . . . .' [] If a defendant indicted only for a completed offense can be convicted of attempt under Rule 31(c) without the indictment ever mentioning an overt act, it would be illogical to dismiss an indictment charging 'attempt' because it fails to allege such an act."). Because there is no requirement under Alabama or federal law that an indictment specify that the defendant attempted to commit the offense charged, Lee's "actual innocence" argument fails and this Court must find his federal habeas petition decidedly time-barred. *Cf. Justo v. Culliver*, 317 Fed.Appx. 878, 881 (11th Cir. 2008) ("Justo fails to show actual

innocence to the offense to which he pleaded guilty. No error has been shown in the dismissal of Justo's habeas petition as time-barred.").

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as a district court can raise *sua sponte* the AEDPA statute of limitations, *Jackson, supra*, 292 F.3d at 1349, within the context of Rule 4, *Johnson v. Chase*, 2006 WL 2949442, *1 (S.D. Ga. Oct. 16, 2006) ("Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation *sua sponte* and dismiss those actions that are time barred."), a reasonable jurist

could not conclude either that this Court is in error in dismissing the instant petition or that Lee should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Frank Lee, Jr.'s petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 13th day of November, 2013.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**